IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-739 T
(Judge Emily C. Hewitt)

INTERSPORT FASHIONS WEST, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to paragraph 4 of Appendix A of the Rules of the United States Court of Federal Claims, the parties respectfully submit the following information.

(a) Jurisdiction - The parties believe that jurisdiction over this corporate tax refund suit is conferred on this Court by 28 U.S.C. § 1491(a)(1).

(b) Consolidation - The parties are unaware of any case with which this case should be consolidated.

(c) Bifurcation - The parties believe that it may be necessary to have a trial in this matter, although they will consider whether the issues can be resolved by summary judgment or settlement. If a trial is necessary, the parties would ask that the Court first determine the question of liability only, and thereafter permit the parties a reasonable period of time within which to attempt to agree upon any necessary computation of tax liability and interest due, with a view to the parties submitting an agreed stipulation as to the amount of any money judgment.

(d) Deferral of Proceedings - The parties are not aware of any basis for deferring further proceedings in this case pending consideration of another case in this Court or in another tribunal.

(e) Remand or Suspension - This is a tax refund action; therefore, remand is not appropriate.

(f) Additional Parties - The parties are not aware of any additional parties to be joined.

(g) Dispositive Motions -

(i) *Plaintiff's Statement* - At this time, the Plaintiff can not determine whether it will file a motion for summary judgment pursuant to RCFC 56. After completing discovery, the Plaintiff will be able to determine whether any of the issues in this case can be resolved by summary judgment.

(ii) *Defendant's Statement* - The United States does not intend to file a motion to dismiss pursuant to RCFC 12(b) or (c). At this time, the United States can not determine whether it will file a motion for summary judgment pursuant to RCFC 56. After completing discovery, the United States will be able to determine whether any of the issues in this case can be resolved by summary judgment.

(h) Issues - The issue in a corporate tax refund suit is whether a plaintiff can establish that it overpaid its taxes for the period in suit. In this case, plaintiff is seeking a refund of corporate tax for the years ending September 30, 2001, and September 30, 2002, in the amounts of $393,992.00 and $583,354.00, respectively.

Plaintiff is a designer and distributor of motorcycle apparel and equipment. During the tax years at issue, plaintiff was a domestic subsidiary of a German parent corporation, Eurobike

AG.[1] As a result of financial difficulties beginning in 1999, Eurobike hired consultants in order to restructure the company, incurring millions of dollars in management expenses.

Plaintiff's original 2001 return reported no separately stated deduction for management fees. On plaintiff's original 2002 return, however, it reported a deduction for management fees incurred directly by plaintiff (rather than by allocation from Eurobike). The returns for both years disclose various charges from Eurobike, but do not specifically identify those charges as "management fees." Plaintiff's 2003 original return reported a deduction for management fees, more than half of which was reported as the portion of management fees that were incurred by Eurobike and allocated to plaintiff as subsidiary.

During the examination of plaintiff's 2001, 2002, and 2003 tax years, plaintiff substantiated the management fees for the 2003 tax year (both those directly incurred and those allocated to it by Eurobike), and the IRS permitted the deduction for 2003. Plaintiff requested that additional management fees that were incurred, but not reported, in 2001 and 2002, be allowed. In furtherance of that request, plaintiff submitted amended returns reporting deductions for such fees in the amounts of $1,332,411.00 and $1,621,273.00, and claimed refunds in the amounts of $393,992.00 and $583,354.00, respectively, based on its assertion that a correction of expenses allocated from its parent company resulted in the overpayments. The Internal Revenue Service disallowed plaintiff's refund claims, because the retroactive allocation requested by plaintiff is not permitted under Treas. Reg. § 1.482-1(a)(3).

The central legal issue in this case is whether plaintiff's proposed deductions for

[1]After the tax years at issue, in November, 2003, plaintiff was acquired by Fairchild Corporation, a U.S. corporation.

management fees in the 2001 and 2002 tax years are prohibited by Treas. Reg. § 1.482-1(a)(3). At present, it appears that the primary factual issue underlying this legal issue is whether the management fee deductions reported on plaintiff's amended returns for 2001 and 2002 reflect (1) a change in transfer price; or (2) corrections to the amounts reported based on a pre-existing transfer pricing method. A change in transfer price may not be made by a taxpayer on an amended return under Treas. Reg. § 1.482-1(a)(3). The United States will need to conduct discovery on this issue at a minimum, and possibly additional issues it identifies as the facts and arguments are developed in this case.

(i) Settlement - After it conducts discovery on the issue identified in paragraph (h), the United States will be able to determine whether it will be feasible to reach a settlement agreement in this case. At this time, the parties do not anticipate that alternative dispute resolution will be required in this case.

(j) Trial; Discovery Plan - Prior to completing discovery, the parties can not determine whether a trial will be required, or whether, in the alternative, all of the issues in the case can be resolved by summary judgment or settlement. However, the parties agree that expedited trial scheduling is not required. The parties propose the following discovery schedule:

(i) *Completion of fact discovery* - October 10, 2008

(ii) *Disclosure of initial expert reports*[2] - December 12, 2008

(iii) *Disclosure of rebuttal expert reports* - January 9, 2009

(iv) *Completion of expert discovery* - February 6, 2009

[2]The parties have not yet determined if expert testimony will be required in this case. If no experts are retained, the parties will notify the Court that the time reserved for expert discovery is unnecessary.

(k) Electronic Case Management - The parties are not aware of any special electronic case management needs in this case.

(l) Other Information - The parties are not aware of any other information of which the Court should be aware at this time.

Respectfully submitted,

s/Donald Rightnour
DONALD RIGHTNOUR
c/o The Fairchild Corporation
1750 Tysons Boulevard, #1400
McLean, VA 22102
Telephone: (703) 478-5963
Fax: (703) 478-5767
drightnour@fairchild.com

Attorney for Plaintiff

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief
s/Steven I. Frahm
Of Counsel

April 11, 2008