IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-739 T
(Judge Emily C. Hewitt)

INTERSPORT FASHIONS WEST, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

MOTION OF THE UNITED STATES
TO DISMISS IN PART

The United States, pursuant to RCFC 12(b)(1), moves to dismiss the complaint with respect to plaintiff's refund claim for the tax period ended September 30, 2001 for lack of subject-matter jurisdiction. Granting this motion would leave intact plaintiff's refund claim with respect to the tax period ended September 30, 2002.

In support of the instant motion, the United States relies on the pleadings, the accompanying brief, and the exhibit attached thereto.

WHEREFORE, the United States prays that its motion to dismiss plaintiff's refund claim with respect to the tax period ended September 30, 2001 be granted.

Respectfully submitted,

s/ Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven Frahm
Of Counsel

July 17, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-739 T
(Judge Emily C. Hewitt)

INTERSPORT FASHIONS WEST, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

MEMORANDUM OF THE UNITED STATES
IN SUPPORT OF ITS MOTION
TO DISMISS IN PART

Plaintiff's complaint seeks the refund of income taxes with respect to tax periods ended September 30, 2001 and September 30, 2002. Because plaintiff failed to pay the full amount of tax assessed with respect to the period ended September 30, 2001 before filing this action, the Court lacks subject-matter jurisdiction to entertain plaintiff's claim with respect to that period.

STATEMENT

The Certificate of Assessments, Payments, and Other Specified Matters (IRS Form 4340) for plaintiff's income-tax period ended September 30, 2001 (Ex. 1, attached) reflects an outstanding balance in the amount of $118,634 as of October 30, 2007, which was unpaid when plaintiff filed this suit on October 22, 2007.[1]

[1] This balance was still outstanding according to an updated transcript dated July 9, 2008.

According to the Certificate, plaintiff reported taxes due in the amount of $891,478 on its 2001 tax return, which was filed in May 2002. Estimated tax payments that plaintiff had previously made in the amount of $905,921 were sufficient to satisfy this reported tax liability, and resulted in an overpayment that plaintiff elected to have applied toward its liability for the subsequent tax period. In August 2004, plaintiff received a refund for the 2001 tax period in the amount of $565,231 based on a carryback claim, *i.e.*, a net operating loss or a capital loss carryback claim.

Thereafter, as shown on the Certificate, the time within which the IRS could assess additional taxes against plaintiff was extended until December 31, 2005. And, on December 29, 2005, the IRS made tax and interest assessments in the amounts of $82,060, $12,592, and $7,869 and assessed a failure-to-pay tax penalty of $16,090 in April 2007. The Certificate indicates that, subsequently, several notices were sent to plaintiff to notify it of an outstanding balance with respect to tax period 2001, including two notices of a balance due that were sent on December 29, 2005 and September 10, 2007 and a notice of Intent to Levy that was sent on June 12, 2006. Plaintiff had not paid these assessments when it filed this suit.

ARGUMENT

The Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on the Court of Federal Claims to entertain federal tax refund suits, but only where the full tax assessed for the tax period at issue is paid prior to the filing of suit. *Flora v. United States*, 362 U.S. 145 (1960); *Rocovich v. United States*, 933 F.2d 991, 993-94 (Fed. Cir. 1993); *Shore v. United States*, 9 F.3d 1524, 1527 (Fed. Cir. 1991). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

In this case, plaintiff failed to pay the taxes assessed against it for the 2001 tax period prior to filing this suit. The Certificate of plaintiff's account reflects an outstanding balance due of $118,634 for the 2001 tax period and is presumptive proof that the tax was unpaid when plaintiff filed this action. *Rocovich*, 933 F.2d at 994; *see also Adams v. United States*, 358 F.2d 986, 994 (Ct. Cl. 1966). Therefore, plaintiff's refund claim with respect to the tax period ended September 30, 2001 is jurisdictionally defective and must be dismissed.

CONCLUSION

The Court should dismiss plaintiff's refund claim with respect to the tax period ended September 30, 2001 for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven Frahm
Of Counsel

July 17, 2008