IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-739 T
(Judge Emily C. Hewitt)

INTERSPORT FASHIONS WEST, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

# MEMORANDUM OF THE PLAINTIFF IN SUPPORT OF ITS MOTION TO DENY UNITED STATES MOTION

Plaintiff's complaint seeks the refund of income taxes with respect to tax periods ended September 30, 2001 and September 30, 2002. Plaintiff asserts the United States has not proven there was an outstanding tax assessment with respect to the period ended September 30, 2001 before filing this action. Therefore, the Court has subject-matter jurisdiction to entertain Plaintiffs claim with respect to that period.

## STATEMENT

The United States is relying on a certificate of assessments to prove a tax liability.

The attached Affidavit of John L. Flynn (Exhibit 1, attached) provides the history of the Plaintiff's efforts to get proof of a valid assessment beginning in January 2006 which includes two transcripts provided by the Internal Revenue Service (IRS) which are inconsistent as to whether the assessment was timely. Despite repeated requests as detailed in the Affidavit, the IRS never provided an explanation as to why their records were inconsistent.

Based on this, I filed with the Taxpayer Advocate a request to obtain an explanation (Exhibit 2, attached). This process also failed to yield a resolution, and ultimately the Taxpayer Advocate's office said no further consideration would be given this case (Exhibit 3, attached). The IRS has failed, repeatedly, to provide proof of assessment, and now the United States asserts one tax year must be dismissed.

Due to the delay of the IRS in responding, if there were, in fact, tax owed, and the Plaintiff paid, it could not refile a claim due to expiration of the statute of limitations to file.

ARGUMENT

The Plaintiff does not dispute that full tax assessed must be paid to file a refund suit in the Court of Federal Claims under 28 USC §1491. However, the transcript attached to the United State's motion is not proof of a valid assessment under Treas. Regs. §301.6203-1, which states:

> The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

Due to the inconsistency in the transcripts, detail of the signed and dated summary of assessment record as prepared by the assessment officer should be provided.

Finally, the actions of the IRS and Taxpayer Advocate in failing to produce this information in a timely manner has jeopardized the refund claim, effectively requiring Plaintiff to have paid tax that may not have been valid in order to file a refund claim. The United States should not be permitted to act in this manner.

Respectfully submitted,

Donald Rightnour

Donald Rightnour
Director of Taxes
The Fairchild Corporation
1750 Tysons Boulevard, Suite 1400
McLean, VA 22102
Phone: (703) 478-5963
Fax: (703) 478-5794
Email: drightnour@fairchild.com

August 25, 2008