# EXHIBIT 2

FAIRCHILDCORP

THE FAIRCHILD CORPORATION
1750 TYSONS BLVD., SUITE 1400
MCLEAN, VA 22102
U.S.A.

FAXED

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Ms. Boyd | FROM: Cheryl Brooks |
| COMPANY: IRS | DATE: 10/26/07 |
| FAX NUMBER: 866 649 1977 | SENDER'S E-MAIL ADDRESS: CEBROOKS@FAIRCHILD.COM |
| TOTAL NO. OF PAGES INCLUDING COVER: 21 | SENDER'S PHONE NUMBER: 703 478 5988 |
| RE: | SENDER'S FAX NUMBER: 703 478 5794 |

NOTES/COMMENTS:

IFW

FAIRCHILDCORP

October 25, 2007

FAX 866-649-1977

Dear Ms. Boyd:

This is in response to our conversation on October 23, 2007. First, I have enclosed an updated Form 2848 (Power of Attorney). I am working on the additional compliance issues you mentioned, but any additional information you can share after receipt of the Form 2848 would be appreciated. I do know that after we acquired the taxpayer in late 2003 it was included in the consolidated Form 1120 filed by The Fairchild Corporation (EIN: 34-0728587).

Secondly, I have enclosed the relevant statute setting forth the law on assessment of tax by the IRS. IRC Sect. 6501(a) states that taxes must be assessed within three (3) years after the return is filed. In this case that would be June 15, 2005. However, IRC Sect. 6501(c)(4) allows the three (3) year period for assessment to be extended by agreement. Enclosed is the extension signed by the taxpayer (Form 872) extending the assessment period until December 31, 2005. It is the Company's assertion that the one transcript clearly indicates the assessment was not made by that date; another, inconsistent transcript indicates an assessment was made. We have repeatedly asked for an explanation of how this could occur and have not received an acceptable explanation; hence my request to the Taxpayer Advocates Office.

I have also included my entire submittal to the Taxpayer Advocates Office in Richmond as I was not clear if you had received a complete copy.

Sincerely,

Donald Rightnour
Director of Tax

Enclosures
ceb/07.041

THE FAIRCHILD CORPORATION 1750 TYSONS BOULEVARD, SUITE 1400 McLEAN, VIRGINIA 22102-4244 T 703.478.5800 F 703.478.5767 E www.fairchild.com

Form **2848** (Rev. March 2004) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name
Telephone
Function
Date / /

**Part I** **Power of Attorney**

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

1 **Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| **Intersport Fashions West, Inc.**<br>**15602 Mosher Avenue**<br>**Tustin, CA 92780** | | **95 : 3425725** |
| | Daytime telephone number ( **714** ) **258-4717** | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Donald Rightnour**<br>**1750 Tysons Boulevard, Suite 1400**<br>**McLean, VA 22102** | CAF No.<br>Telephone No. **(703) 478-5963**<br>Fax No. **(703) 478-5767**<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| **Corporate Income Tax** | **Form 1120** | **YE 9/30/01 through YE 9/30/06** |
| **Withholding Tax** | **Form 1042** | **YE 12/31/03** |
| **Payroll Tax** | **Forms 940, 941** | **2006 - 2007** |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..............................

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] — Signature | 10/25/07 — Date | Vice President — Title (if applicable)

Michael L. McDonald — Print Name | ☐☐☐☐☐ PIN Number | Intersport Fashions West, Inc. — Print name of taxpayer from line 1 if other than individual

Signature | Date | Title (if applicable)

Print Name | ☐☐☐☐☐ PIN Number

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer—a bona fide officer of the taxpayer's organization.
e Full-Time Employee—a full-time employee of the taxpayer.
f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter **(a–h)** | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | DC | [signature] | 10/25/07 |
| | | | |
| | | | |

## CHAPTER 66.—LIMITATIONS

Subchapter
A. Limitations on assessment and collection.
B. Limitations on credit or refund.
C. Mitigation of effect of period of limitations.
D. Periods of limitation in judicial proceedings.

### Subchapter A.—Limitations on Assessment and Collection

Sec.
6501. Limitations on assessment and collection.
6502. Collection after assessment.
6503. Suspension of running of period of limitation.
6504. Cross references.

**Sec. 6501. Limitations on assessment and collection.**

**(a) General rule.**

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

**(b) Time return deemed filed.**

(1) **Early return.** For purposes of this section, a return of tax imposed by this title, except tax imposed by chapter 3, 21, or 24, filed before the last day prescribed by law or by regulations promulgated pursuant to law for the filing thereof, shall be considered as filed on such last day.

(2) **Return of certain employment taxes and tax imposed by chapter 3.** For purposes of this section, if a return of tax imposed by chapter 3, 21, or 24 for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such calendar year.

(3) **Return executed by Secretary.** Notwithstanding the provisions of paragraph (2) of section 6020(b), the execution of a return by the Secretary pursuant to the authority conferred by such section shall not start the running of the period of limitations on assessment and collection.

(4) **Return of excise taxes.** For purposes of this section, the filing of a return for a specified period on which an entry has been made with respect to a tax imposed under a provision of subtitle D (including a return on which an entry has been made showing no liability for such tax for such period) shall constitute the filing of a return of all amounts of such tax which, if properly paid, would be required to be reported on such return for such period.

**(c) Exceptions.**

(1) **False return.** In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

(2) **Willful attempt to evade tax.** In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by subtitle A or B), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(3) **No return.** In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(4) **Extension by agreement.**

(A) In general. Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

(B) Notice to taxpayer of right to refuse or limit extension. The Secretary shall notify the taxpayer of the taxpayer's right to refuse to extend the period of limitations, or to limit such extension to particular issues or to a particular period of time, on each occasion when the taxpayer is requested to provide such consent.

(5) **Tax resulting from changes in certain income tax or estate tax credits.** For special rules applicable in cases where the adjustment of certain taxes allowed as a credit against income taxes or estate taxes results in additional tax, see section 905(c) (relating to the foreign tax credit for income tax purposes) and section 2016 (relating to taxes of foreign countries, States, etc., claimed as credit against estate taxes).

(6) **Termination of private foundation status.** In the case of a tax on termination of private foundation status under section 507, such tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(7) **Special rule for certain amended returns.** Where, within the 60-day period ending on the day on which the time prescribed in this section for the assessment of any tax imposed by subtitle A for any taxable year would otherwise expire, the Secretary receives a written document signed by the taxpayer showing that the taxpayer owes an additional amount of such tax for such taxable year, the period for the assessment of such additional amount shall not expire before the day 60 days after the day on which the Secretary receives such document.

(8) **Failure to notify Secretary of certain foreign transfers.** In the case of any information which is required to be reported to the Secretary under section 6038, 6038A, 6038B, 6046, 6046A, or 6048, the time for assessment of any tax imposed by this title with respect to any event or period to which such information relates shall not expire before the date which is 3 years after the date on which the Secretary is furnished the information required to be reported under such section.

(9) **Gift tax on certain gifts not shown on return.** If any gift of property the value of which (or any increase in taxable gifts required under section 2701(d) which) is required to be shown on a return of tax imposed by chapter 12 (without regard to section 2503(b)), and is not shown on such return, any tax imposed by chapter 12 on such gift may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. The preceding sentence shall not apply to any item which is disclosed in such return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature of such item.

(10) **Listed transactions.** If a taxpayer fails to include on any return or statement for any taxable year any informa-

Form 872 (Rev. Dec. 2004)

Department of the Treasury-Internal Revenue Service

# Consent to Extend the Time to Assess Tax

In reply refer to: GBL:HMT:1752

Taxpayer Identification Number 95-3425725

Intersport Fashions West, Inc.
*(Name(s))*

taxpayer(s) of 15602 Mosher Avenue, Tustin, CA 92780
*(Number, Street, City or Town, State, ZIP Code)*

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal Income *(Kind of tax)* tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended September 30, 2001

may be assessed at any time on or before December 31, 2005 *(Expiration date)*. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends.

## Your Rights as a Taxpayer

You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. **Publication 1035, *Extending the Tax Assessment Period***, provides a more detailed explanation of your rights and the consequences of the choices you may make. If you have not already received a Publication 1035, the publication can be obtained, free of charge, from the IRS official who requested that you sign this consent or from the IRS' web site at www.irs.gov or by calling toll free at 1-800-829-3676. Signing this consent will not deprive you of any appeal rights to which you would otherwise be entitled.

YOUR SIGNATURE HERE ➤ ............ *(Date signed)*

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B).

SPOUSE'S SIGNATURE ➤ ............ *(Date signed)*

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B).

TAXPAYER'S REPRESENTATIVE

SIGN HERE ➤ ............ *(Date signed)*

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B). In addition, the taxpayer(s) has been made aware of these rights.

CORPORATE NAME ➤ INTERSPORT FASHIONS WEST, INC.

CORPORATE OFFICER(S) SIGN HERE ➤ [signature] Vice President *(Title)* 2/28/05 *(Date signed)*

➤ ............ *(Title)* *(Date signed)*

I (we) am aware that I (we) have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B).

INTERNAL REVENUE SERVICE SIGNATURE AND TITLE

*(Division Executive Name - See instructions.)* *(Division Executive Title - see instructions.)*

BY ............ *(Authorized Official Signature and Title - See instructions.)* *(Date signed)*

FAIRCHILDCORP

September 26, 2007

Ms. Crews
Taxpayer Advocates Office
Room 916
400 North 8th Street
Richmond, VA 23240

Dear Ms. Crews:

Per our conversation I am enclosing the most recent "Past Due Statement" and additional correspondence with the IRS. As I stated, one transcript clearly indicates that the assessment for fiscal year end 2001 was not made by the expiration of the extended statue of limitations on December 31, 2005. A second transcript oddly indicates an assessment was made. A form 2848 is enclosed. Thank you for your assistance.

Very truly yours,

Donald Rightnour

Donald Rightnour
Director of Tax

ceb/06.036

200735 179013 22102 IRS USE ONLY 953425725 SB E

Department of the Treasury
**Internal Revenue Service**
P.O. BOX 9941
STOP 5300
OGDEN, UT 84409-0941

SEP 10 2007

For assistance, call:
1-800-829-3903

**Notice Number:** CP171
**Date:** September 10, 2007

**Taxpayer Identification Number:**
95-3425725
**Tax Form:** 1120
**Tax Period:** September 30, 2001

042419.420339.0186.004 1 AB 0.341 695

INTERSPORT FASHIONS WEST INC
%JOHN L FLYNN
1750 TYSONS BLVD STE 1400
MCLEAN VA 22102-4244504

42419

## Past Due Tax Statement

**Balance Due:** **$118,634.05**
**Pay by:** **October 4, 2007**

| Form | Period | Unpaid Balance | + Penalties | + Interest | = Total |
|---|---|---|---|---|---|
| 1120 | 09/30/01 | $118,634.05 | $.00 | $.00 | $118,634.05 |
| | | | | **Total Unpaid Tax, Penalties, and Interest** | $118,634.05 |

**To make a payment:**

1. Make your check or money order payable to the United States Treasury (be sure to write your TIN on your check).
2. Complete and detach the payment stub at the end of this notice.
3. Send the stub and your payment in the enclosed envelope.

**If you can't pay the full amount owed:**

1. Pay as much as you can now.
2. Review the Payment Options listed on the back of this page.
3. Call us at 1-800-829-3903 if you want to discuss payment options for the amount not paid.

***Reminder! If you don't pay the amount owed by October 4, 2007, we will continue to add penalties and interest until the amount is paid in full.***

042419

CUT HERE

Return this voucher with your payment or correspondence.

Your Telephone Number: Best Time to Call:
( ) - AM PM

**Amount you owe: $118,634.05**

- You will avoid additional penalties and/or interest if we receive your full payment by **October 4, 2007**

☐ **Amount enclosed: $______**

- Make payable to United States Treasury
- Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

SB 200735 29347-486-79000-7

171 Internal Revenue Service
P.O. BOX 9941
STOP 5300
OGDEN, UT 84409-0941

INTERSPORT FASHIONS WEST INC
%JOHN L FLYNN
1750 TYSONS BLVD STE 1400
MCLEAN VA 22102-4244504

953425725 RZ INTE 02 2 200109 670 00011863405

FAIRCHILDCORP

The Fairchild Corporation
Tax Department
1750 Tysons Boulevard
Suite 1400
McLean, Virginia 22102-4244

Phone: (703) 478-5963
Facsimile: (703) 478-5767
Email: apucci@fairchild.com

August 16, 2006

James L. Bush, RA
Badge #33-05330
801 Civic Center Drive – Suite 200
Santa Ana, CA 92701 HMT: 1752

RE: Intersport Fashions West, Inc.
EIN: 95-3425725
Form 1120
Tax Period ending September 30, 2001 and September 30, 2002

Dear Mr. Bush:

As a result of the tax audit for Intersport Fashions West (IFW) for the years ending September 30, 2001 and September 30, 2002, certain items were agreed to with your agency during early October, 2005.

In late October, 2005 we received a notice for the agreed items for IFW related to the year ending September 30, 2002. Payment with your agency was made for the year ending September 30, 2002 in mid-November, 2005.

The statute of limitations expired for the IFW year ending September 30, 2001 on December 31, 2005. In mid-January, 2006, we received a notice for the items agreed to in October, 2005 for IFW for the year ending September 30, 2001. Due to fact that the notice was received after the statue of limitations had expired along with the fact that both tax years were agreed to in October, 2005 and the discrepancy in time between the notice of tax due for the September 30, 2002 tax year (late October, 2005) and September 30, 2001 tax year (mid-January, 2006) we wrote a letter to Ms. Josephine Robinson requesting a transcript showing the assessment was made prior to December 31, 2005 (Exhibit A).

After several messages and calls to Ms. Josephine Robinson during February, March and April, 2006 regarding the transcript request in January, 2006, we received a transcript for IFW in late April. The transcript dated April 13, 2006 (Exhibit B) indicated zero balance due for this corporation for the year ended September 30, 2001 in the Account Balance on page 1 as well as a zero balance in the last entry on page 2 dated 01-30-2006, Additional Tax Assessed by Examination . We concluded from the

transcript that the assessment for the audit was not made by December 31, 2005 and therefore was invalid.

We were surprised in mid-June, 2006 when we received a notice of levy for Form 1120 for IFW for the year ending September 30, 2001. We called the IRS office noted on the deficiency to explain our confusion and noted the transcript received from Ms. Robinson in April. The agent explained that she had additional entries on her screen and while they were dated 12-29-2005, they were posted after the January 30, 2006 entry. The agent sent us a copy of her transcript and when we received the transcript dated June 22, 2006 (Exhibit C), it indicated an Account Balance on page 1 of $102,543.21 along with additions after 01-30-2006 for Quick Assessments with a transcript date of 12-29-05.

In July, 2006 you and I spoke on this issue and I noted my confusion with the issue of the assessment being posted 12/29/05 and the sequence of events noted above that didn't support this. You then transferred me to Ms. Robinson and she explained that she thought the balance was zero but in looking at the transcript she had pulled up while we spoke, there was in-fact a balance. She assured me that the assessment was posted on 12-29-05.

Due to the circumstances noted above, I am still not convinced the assessment was made before December 31, 2005. Can you please provide the following documentation to support that the assessment was in fact made on 12-29-05.

1) IRS process of assessing and posting an item to the transcript including the timing between the agreement with the IRS to the posting on the transcript as well as the process of tracking the detail (date and time) of postings made to a transcript.
2) An explanation as to why the September 30, 2002 assessment was made in late October, 2005 and the September 30, 2001 assessment was made in mid-January, 2006 when both years were agreed to and submitted to the IRS at the same time.
3) The reason the April, 2006 transcript Account Balance shows a zero balance while the June, 2006 transcript shows a balance of approximately $105,000.

Very truly yours,

Ann E Pucci

Ann Pucci
Director, Tax

cc: John Flynn, Ms. Josephine Robinson

FAIRCHILDCORP

January 27, 2006

VIA FACSIMILE

Ms. Josephine Robinson
Internal Revenue Service
801 Civic Center Drive, Suite 200
Santa Ana, CA 92701-4050

Re: Intersport Fashions West, Inc.

Dear Ms. Robinson:

During the second week of January 2006, Intersport Fashions West, Inc. ("IFW") received a bill from the IRS for tax and interest for year ended September 30, 2001. The IRS notice indicated this was assessed on December 29, 2005. The Form 872 for IFW's year-end September 30, 2005 expired on December 31, 2005.

Before payment by IFW, I request that you send to me a copy of the IRS transcript showing the assessment was, in fact, made before the statute of limitations expired on December 31, 2005.

I also request you advise me which IRS Appeals Office has the Form 1120X for IFW's years ended September 30, 2001 and 2002 so that I can contact them in order to have a discussion on the claims which had been denied by IRS Agent G. Leeds before she retired in December of 2005.

You may contact me at 703 623 9225. Please send any information to me at the above address.

Very truly yours,

J. L. Flynn



EXHIBIT A

PAGE NO-0001 IRS EMPLOYEE 5071454557

DATE REQUESTED 04-13-2006 PRINT DATE 04-13-2006

FORM NUMBER: 1120 TAX PERIOD: SEPT 2001

TAXPAYER IDENTIFICATION NUMBER: 95-3425725

INTERSPORT FASHIONS WEST INC
15602 MOSHER AVE
TUSTIN CA 92780-6427-023 BODC-LM BODCLC-4

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 04-24-2006 |
| ACCRUED PENALTY: | 0.00 | AS OF 04-24-2006 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
|---|---|
| NET RECEIPTS: | 48,756,879.00 |
| TOTAL INCOME: | 9,937,732.00 |
| TOTAL DEDUCTIONS: | 7,315,739.00 |
| NET TAXABLE INCOME: | 1,919,102.00 |
| MINIMUM TAX AMOUNT: | 0.00 |
| PERSONAL HOLDING TAX: | 0.00 |

| | |
|---|---|
| ES/7004 PAYMENTS CLAIMED: | 904,810.00- |
| TAX PER RETURN: | 891,478.00 |

NAICS-CD:422300

05-24-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-08-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29310-159-57733-2 | 07-08-2002 | 891,478.00 |
| 660 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 01-16-2001 | 255,000.00- |
| 660 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 03-20-2001 | 420,000.00- |
| 716 | OVERPAID CREDIT FROM PRIOR TAX PERIOD | 01-15-2001 | 30,920.97- |
| 620 | INITIAL INSTALLMENT PAYMENT | 12-17-2001 | 200,000.00- |
| 460 | EXTENSION OF TIME TO FILE EXT. DATE 06-15-2002 | 02-04-2002 | |
| 836 | OVERPAYMENT CREDIT ELECT TRANSFERRED TO NEXT TAX PERIOD | 01-15-2002 | 13,332.00 |
| 776 | INTEREST DUE TAXPAYER | 07-08-2002 | 21.29- |
| 846 | REFUND | 07-08-2002 | 1,132.26 |
| 295 | PRIOR TAX ABATED 29354-596-91316-4 | 08-02-2004 | 565,231.00- |
| 290 | ADDITIONAL TAX ASSESSED 29354-596-91316-4 20042908 | 08-02-2004 | 0.00 |

****************************CONTINUED ON NEXT PAGE****************************

EXHIBIT B (1/3)

PAGE NO-0002 IRS EMPLOYEE 5071454557

| | | |
|---|---|---|
| 846 REFUND | 08-02-2004 | 565,231.00 |
| 560 ASSESSMENT STATUTE EXPIR DATE EXTEND TO 05-24-2005 | 02-04-2005 | |
| 560 ASSESSMENT STATUTE EXPIR DATE EXTEND TO 12-31-2005 | 05-03-2005 | |
| 300 ADDITIONAL TAX ASSESSED BY EXAMINATION 29347-764-00016-5 20060308 | 01-30-2006 | 0.00 |

EXHIBIT B (2/3)

001051

PAGE NO-0001

*BMF MCC TRANSCRIPT-BMF LITERAL* EMP NO 50-714-54557
LMSB1752

ACCOUNT NO 95-3425725 04-13-2006
NAME CONT- INTE CYCLE-200615
**************************************************************************************
FOR-5071454557 BY-5062354557 ON-04132006 TYP-X-02-200109
TIME-10:24 SRC-I LMSB1752 PROCESSED ON-103
REQUESTED TAX MODULE FOUND ON MF

EXHIBIT B (3/3)

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**

Date: 6/23/06

Phone: 1-800-829-3903

Fax: ______

Dear: Taxpayer,

SSN/EIN: 95-3425725

Form: 1120

In Reply Refer to: 19-02682

This is in response to our telephone conversation on 6/22/06 or the correspondence we received on ______.

Enclosed please find:

____ Income Information as reported to the IRS for the tax year(s) ______. Please prepare Form(s)______, sign and return no later than ______.

X Account transcripts for tax year(s) 2001 ______. Please review them and call us no later than 7/22/06 to arrange payment or discuss discrepancies.

____ Form and/or Schedules for tax year(s) ______. Please send the completed and signed tax returns to the Internal Revenue Service by ______.

X Other Please Forward to Ann Pucci
Director of Tax
Assessment was done by 12/29/05
and it was Agreed to.

Penalties and interest will continue to accrue on the balance due accounts. Failure to comply with any of the above may result in enforcement action, which could include:

- IRS preparation of missing tax returns
- Levies placed on your financial accounts and wages
- Filing of a Federal Tax Lien
- Referral of your account to a Revenue Officer
- Disallowance of previously discussed payment arrangements

If you have any questions, contact us at 1-800-829-3903, Monday to Friday, 8:00 a.m. – 8:00 p.m.

Thank you for your cooperation.

Phula O'Brien
Operation Manager, ACS

Enclosure(s) Envelope
Transcript

(Rev. 08/23/05)

EXHIBIT C (1/3)

PAGE NO-0001 IRS EMPLOYEE 0172126780

DATE REQUESTED 06-22-2006 PRINT DATE 06-22-2006

FORM NUMBER: 1120 TAX PERIOD: SEPT 2001

TAXPAYER IDENTIFICATION NUMBER: 95-3425725

INTERSPORT FASHIONS WEST INC
15602 MOSHER AVE
TUSTIN CA 92780-6427-023 BODC-LM BODCLC-4

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 102,543.21 | |
| ACCRUED INTEREST: | 0.00 | AS OF 07-03-2006 |
| ACCRUED PENALTY: | 2,839.56 | AS OF 07-03-2006 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 105,382.77 | |

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
|---|---|
| NET RECEIPTS: | 48,756,879.00 |
| TOTAL INCOME: | 9,937,732.00 |
| TOTAL DEDUCTIONS: | 7,315,739.00 |
| NET TAXABLE INCOME: | 1,919,102.00 |
| MINIMUM TAX AMOUNT: | 0.00 |
| PERSONAL HOLDING TAX: | 0.00 |

| | |
|---|---|
| ES/7004 PAYMENTS CLAIMED: | 904,810.00- |
| TAX PER RETURN: | 891,478.00 |

NAICS-CD:422300

05-24-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-08-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29310-159-57733-2 | 07-08-2002 | 891,478.00 |
| 660 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 01-16-2001 | 255,000.00- |
| 660 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 03-20-2001 | 420,000.00- |
| 716 | OVERPAID CREDIT FROM PRIOR TAX PERIOD | 01-15-2001 | 30,920.97- |
| 620 | INITIAL INSTALLMENT PAYMENT | 12-17-2001 | 200,000.00- |
| 460 | EXTENSION OF TIME TO FILE EXT. DATE 06-15-2002 | 02-04-2002 | |
| 836 | OVERPAYMENT CREDIT ELECT TRANSFERRED TO NEXT TAX PERIOD | 01-15-2002 | 13,332.00 |
| 776 | INTEREST DUE TAXPAYER | 07-08-2002 | 21.29- |
| 846 | REFUND | 07-08-2002 | 1,132.26 |
| 295 | PRIOR TAX ABATED 29354-596-91316-4 | 08-02-2004 | 565,231.00- |
| 290 | ADDITIONAL TAX ASSESSED 29354-596-91316-4 20042908 | 08-02-2004 | 0.00 |

****************************CONTINUED ON NEXT PAGE*****************************
See back

EXHIBIT C (2/3)

| | | | |
|---|---|---|---|
| 846 | REFUND | 08-02-2004 | 565,231.00 |
| 560 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 05-24-2005 | 02-04-2005 | |
| 560 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 12-31-2005 | 05-03-2005 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29347-764-00016-5 20060308 | 01-30-2006 | 0.00 |
| 308 | QUICK ASSESSMENT 29351-363-13002-5 20062208 | 12-29-2005 | 82,060.00 |
| 300 | QUICK ASSESSMENT 29351-363-13002-5 | 12-29-2005 | 12,592.00 |
| 772 | INTEREST CORRECTION | 07-08-2002 | 21.29 |
| 340 | RESTRICTED INTEREST ASSESSED 20062208 | 12-29-2005 | 7,869.92 |

EXHIBIT C(3/3)

IRS Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201-0039

Notice Number: CP 504
Notice Date: 06-12-2006
SSN/EIN: 95-3425725
Caller ID:

7178 2665 9398 6942 8851

INTERSPORT FASHIONS WEST INC
15602 MOSHER AVE
TUSTIN CA 92780-6427023

*953425725221*

006687

# Urgent !!

**We intend to levy on certain assets. Please respond NOW.**

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below. Current balance may include Civil Penalty, if assessed.

## Account Summary

Form: 1120 | Tax Period: 09-30-2001

| | |
|---|---|
| **Current Balance:** | $104,909.51 |
| Includes: | |
| Penalty: | $2,366.30 |
| Interest: | $0.00 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0115

Questions? Call us at **1-800-829-0115**

See the enclosed Publication 594, *The IRS Collection Process*, and Notice 1219B, *Notice of Potential Third Party Contact* for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 06-12-2006

*write on your check:*

| | | |
|---|---|---|
| 1120 | 09-30-2001 | 95-3425725 |

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due:
$104,909.51

Internal Revenue Service
OGDEN, UT 84201-0039

INTERSPORT FASHIONS WEST INC
15602 MOSHER AVE
TUSTIN CA 92780-6427023

953425725 RZ INTE 02 2 200109 670 00010490951

95-3425725
INTE

# Penalty and Interest

About Your Notice - The penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the front of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

106687

## Penalty: $2,366.30

### 07 Paying Late

### IRC section 6651 (a) (2)

We charged a penalty because you didn't pay your tax on time. Initially, the penalty is 1/2 % of the unpaid tax for each month or part of a month you didn't pay your tax.

If you think we should remove or reduce the penalty, see "Removal of Penalties - Reasonable Cause."

### Removal of Penalties - Reasonable Cause

The law lets us remove or reduce the penalties explained in this notice if you have an acceptable reason. If you believe you have an acceptable reason, you may send us a signed statement explaining your reason. We'll review it and let you know if we accept your explanation as reasonable cause to remove or reduce your penalty. This procedure doesn't apply to interest and, in some cases, we may ask you to pay the tax in full before we reduce or remove the penalty for paying late.

### Erroneous Written Advice from IRS

We'll also remove your penalty if:

- you wrote to IRS and asked for advice on a specific issue,
- you gave IRS complete and accurate information,
- IRS wrote back to you and gave you a specific course of action to take or explained what actions not to take,
- you followed our written advice in the manner we outlined, and
- you were penalized for the written advice we gave you.

To have the penalty removed because of erroneous written advice from IRS, you should:

- complete Form 843, Claim for Refund and Request for Abatement,
- request that IRS remove the penalty, and

IRS Department of the Treasury Internal Revenue Service
OGDEN, UT 84201-0039

7178 2665 9398 6942 8851

006687.294606.0053.002 2 AT 0.545 1495

INTERSPORT FASHIONS WEST INC
15602 MOSHER AVE
TUSTIN CA 92780-6427023

006687