IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-739 T
(Judge Emily C. Hewitt)

INTERSPORT FASHIONS WEST, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

REPLY OF THE UNITED STATES
IN SUPPORT OF ITS MOTION
TO DISMISS IN PART

We moved to dismiss plaintiff's claim with respect to the tax period ended September 30, 2001, because plaintiff failed to pay the full amount of tax assessed with respect to that period before filing this action.

There is no dispute regarding the accuracy of the unpaid assessments against plaintiff for the period ended September 30, 2001, as plaintiff expressly agreed to them on August 29, 2005, at the close of an IRS audit. *See* Agreement, App. A, Ex. 1. By agreeing to the assessments, plaintiff waived its right to contest its tax liability in the Tax Court without first having to pay the tax.

Plaintiff's sole basis for opposing dismissal is that the assessments were untimely made. The statute of limitations for the IRS to assess the agreed upon taxes expired on December 31,

2005. Plaintiff seems to feel it has no burden to establish jurisdiction over its suit and instead claims the United States must prove the assessments were timely. (Pltf.'s Response at 1; Pltf's Memo. at 1.) Plaintiff suggests that transcripts it received are "inconsistent," but it does not explain how they are inconsistent and does not point to any entry that purportedly shows the unpaid assessments were made after December 31, 2005.

The assessments were in fact timely made on December 29, 2005. The Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340") for plaintiff for the tax period ended September 30, 2001, which we attached as Exhibit 1 to our Motion to Dismiss, reflects that "quick assessments" (of $82,060 and $12,592) and "restricted interest" (of $7,869.92) were assessed on December 29, 2005, before the statute of limitations expired.

The Form 4340 is presumptively correct and proof that the disputed assessments are valid. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991). Moreover, the Summary Record of Assessments ("RACS 006"), attached to the Declaration of Sandy Mikkelsen that is included as Appendix B to this reply, establishes conclusively that the assessments are valid and were timely assessed, on December 29, 2005.

With respect to assessments, Title 26 U.S.C. § 6203 provides that "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 C.F.R. § 301.6203-1, in turn, provides the manner in which the assessment shall be made:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. . . . The date of

> the assessment is the date the summary record is signed by an assessment officer. . . .

The RACS 006 is a computer-generated report that contains a summary of all assessments processed by an IRS service center on a particular day; in this case, December 29, 2005. It is reviewed and signed by an assessment officer on the date of the assessments.[1] Courts that have addressed the issue have consistently held that the RACS 006 report, coupled with "supporting records" such as a Form 4340, satisfies the assessment requirements of 26 C.F.R. § 301.6203-1. *March v. Comm'r*, 335 F.3d 1186, 1188-89 (10th Cir. 2003); *Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003), *aff'g* 118 T.C. 365 (see pages 369-371); *Stallard v. United States*, 12 F.3d 489, 493-94 (5th Cir. 1994); *Hefti v. Comm'r*, 8 F.3d 1169, 1172 (7th Cir. 1993); *Dourlain v. Comm'r*, 2007 WL 2764811, at *5 (N.D.N.Y. 2007); *United States v. Little*, 2005 WL 2334711, at *9-10 (E.D. Calif. 2005); *Ellis v. Comm'r*, 2003 WL 23334515, at *3 (D. Colo. 2003); *Perez v. United States*, 2001 WL 1836185, at *4-5 (W.D. Tex. 2001); *see also* IRS Revenue Ruling 2007-21, 2007-14 I.R.B. 865. These courts recognized that, although the RACS 006 report itself may not contain the taxpayer-specific information required by 26 C.F.R. § 301.6203-1, by its own terms, such information may be supplied "through supporting records."

Here, the Form 4340 we previously filed with the Court identifies the plaintiff and contains the required, specific information with respect to the unpaid assessments, which it reflects were entered against plaintiff on December 29, 2005. We have attached additional supporting records to this reply, including the IRS auditor's actual request to the Ogden Service

---

[1]The RACS 006 report has largely replaced Form 23C, which was previously used by the IRS to record assessments. *See generally Roberts v. Comm'r*, 118 T.C. 365, 370-71 (2002).

Center to process the assessments against the plaintiff. *See* Request, App. A, Ex. 2. The request reflects that it was faxed to and received by the Service Center on December 29, 2005.

Finally, lest there be any doubt that the auditor's request for assessments against plaintiff was, in fact, processed and approved by the assessment officer on December 29, 2005, Page 3 of the RACS 006 report itself explicitly identifies that request by reference to the unique Document Locator Number that was assigned to the auditor's request when it was received by the Service Center, thus establishing conclusively that plaintiff's assessments are included in the RACS 006 summary report for December 29, 2005.[2] *See* Declaration of Sandy Mikkelsen, at ¶¶ 1-4; *see also id.*, at ¶ 5 (explaining that there is no inconsistency between the two transcripts provided to plaintiff by the IRS).[3]

It is the settled rule in tax refund suits that a taxpayer must "pay first and litigate later" in order to dispute a tax liability in the federal district courts or the Court of Federal Claims. *DiNatale v. United States*, 12 Cl. Ct. 72, 74 (1987) (citing *Tonasket v. United States*, 218 Ct. Cl. 709, 712 (1978). Unfortunately for the plaintiff in this case, it failed to conform to this

[2]The unique Document Locator Number assigned to the auditor's request for assessments is also referenced on Page 2 of the Form 4340 that we previously filed with the Court, below the December 29, 2005 entries of the unpaid assessments.

[3]Plaintiff accuses the IRS of ignoring its inquiries regarding the unpaid assessments. As plaintiff acknowledges, however, the IRS did in fact respond to those inquiries. Plaintiff's request to the Taxpayer Advocate, which was made without the knowledge of defendant's counsel, appears to have been made at the same time plaintiff filed the instant action and, therefore, the Taxpayer Advocate properly refused to consider it. *See* 26 U.S.C. § 7122. Plaintiff's contemporaneous request to the Taxpayer Advocate demonstrates that plaintiff was fully aware of the unpaid assessments when it filed this suit.

jurisdictional requirement when it filed the complaint in this refund suit, and its claim with respect to the tax period ended September 30, 2001 must be dismissed.

Respectfully submitted,

s/ Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section

s/ Steven Frahm
Of Counsel

September 8, 2008